**SO ORDERED.**

**SIGNED this 03 day of February, 2009.**



_____
**ROBERT E. NUGENT**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

OPINION DESIGNATED FOR ON - LINE PUBLICATION
BUT NOT PRINT PUBLICATION

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SHIRLEY ANN TOWNE, | ) | Case No. 08-10291 |
| | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| DAVID MICHAEL TOWNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary No. 08-5106 |
| | ) | |
| SHIRLEY ANN TOWNE, | ) | |
| Defendant. | ) | |

1

# ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

Defendant Shirley Towne moves to dismiss David Towne's complaint to determine the dischargeability of her debt to him under a separation and property settlement agreement.[1] Shirley bases her motion on no specific portion of Federal Rules of Bankruptcy Procedure 7012, but the Court construes this to be a motion to dismiss for failure to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set out below, the motion is granted in part and denied in part.

## JURISDICTION

This is an adversary proceeding filed under Federal Rule of Bankruptcy Procedure 7001(4) and is a core proceeding of which this Court has jurisdiction.[2]

## BACKGROUND

Although Shirley's case number suggests that this case was filed in 2008, it, in fact, is all that remains of a deconsolidated and converted chapter 13 case that was filed in February of 2005 by David and Shirley Towne while they were still married. The Townes' chapter 13 case was initially filed February 17, 2005, before the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").[3] Accordingly, the pre-BAPCPA versions of 11 U.S.C. § 523(a)(5) and (a)(15) apply.[4]

---

[1] For ease of reference, the Court will refer to the parties by their first names.

[2] 28 U.S.C. § 157(b)(2)(J).

[3] *In re David Michael Towne and Shirley Ann Towne*, Case No. 05-10560 (Bankr. D. Kan.).

[4] All references to "Section" or "§" refer to the Bankruptcy Code, Title 11 U.S.C. (2005), unless otherwise noted.

In due course, the Court confirmed Debtors' chapter 13 plan. Debtors were to make 60 monthly payments of $1,564.00. On March 10, 2006, Shirley and David were divorced in proceedings in the District Court of Saline County, Kansas. As part of the divorce settlement, they entered into a property settlement agreement that provided for Shirley to reimburse David $7,632.00, which represented one-half of the chapter 13 payments he had made as of March 10, 2006 and required her to make one-half of the payments going forward. The case was deconsolidated on February 19, 2008 and Shirley's case assigned its current case number. Her case was converted to chapter 7. David's chapter 13 case remained on file under the former case number and has since been dismissed.[5]

Shirley moves to dismiss David's complaint because his chapter 13 case has been dismissed and her obligation to indemnify him against future plan payments has expired. Shirley's motion makes no reference to David's indemnity claim as to the payments he previously made, but the Court assumes that she seeks to dismiss the adversary proceeding in its entirety.

## DISCUSSION

Failure to Comply with Rules

Rule 12(b)(6) of the Federal Rules of Civil Procedure, as amended on December 1, 2007, provides that a party may assert the failure to state a claim as a defense "before pleading if a responsive pleading is allowed."[6] Here, Shirley filed an answer on August 8, 2008. In her answer, she did not raise this defense and, on that basis alone, her motion could be denied.

---

[5] Case No. 05-10650, dkt. 117.

[6] Fed. R. Civ. P. 12(b)(6).

In addition, Shirley's motion could be denied for non-compliance with the Local Rules of the United States Bankruptcy Court for the District of Kansas. D. Kan. LBR 7012.1 provides that "[a] supporting brief or memorandum must accompany a motion to dismiss made pursuant to Fed. R. Bankr. P. 7012." No supporting brief or memorandum accompanied this motion to dismiss.

The Court considered denying the motion in its entirety without further ado but because the Complaint is so general, a discussion of the merits is in order.

<u>Motions to Dismiss in General</u>

David's Complaint alleges he is entitled to a nondischargeability order pursuant to § 523(a)(5) and/or (a)(15). To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face."[7] Applying the recently enunciated *Twombly* test, the Court considers whether the Complaint musters some facts supporting either of these claims. As the Tenth Circuit has noted, "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief" and these "[f]actual allegations must be enough to raise a right to relief above the speculative level."[8] If his complaint contains enough facts to state a claim upon which relief is "plausible," the Court must deny the motion.[9] "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of

---

[7] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)

[8] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008), quoting *Twombly*, 127 S.Ct. at 1965.

[9] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F. 3d 1174, 1177 (10th Cir. 2007).

4

mustering factual support for these claims."[10]

An initial concern here is whether Shirley's obligation under the property settlement agreement is, in fact, a debt that is subject to the § 727(a) discharge. A "debt" is defined as "liability on a claim" in § 101(12). A "claim" is defined as a "right to payment" in § 101(5)(A). Section 727(b) states that a chapter 7 discharge discharges all debts arising before the entry of the chapter 7 order for relief. The debt established by the property settlement agreement on March 10, 2006 arose before the date of conversion, February 19, 2008. As set out in § 348(b), the conversion date is the "order for relief" in Shirley's chapter 7 case. Therefore, the debt is one that could conceivably be discharged in Shirley's chapter 7 case.

The Court takes judicial notice that David's chapter 13 case was dismissed on October 1, 2008.[11] Accordingly, he no longer has any obligation to make chapter 13 plan payments. Even so, the property settlement agreement provided for Shirley to reimburse David one-half of the payments he had made prior to the entry of the divorce decree, or $7,632.00.[12]

Section 523(a)(5): Nondischargeable Support

Former § 523(a)(5) excepted support, alimony, and maintenance owed by a debtor in connection with a separation agreement or judicial decree to her former spouse or dependent children from discharge. "The critical question in determining whether an obligation is, in substance, support is the function served by the obligation at the time of the divorce" and "[t]his may be determined by considering the relative financial circumstances of the parties at the time

---

[10] *Id.*

[11] Case No. 05-10560, dkt. 117.

[12] The property settlement agreement was an exhibit to the complaint and is the only document from the Saline County proceeding available to the Court today.

5

of the divorce."[13] The Complaint contains no factual allegations regarding the parties' relative financial circumstances at the time of the divorce. Nowhere in the complaint is the word "support" or "maintenance." Because the Complaint fails to plead that Shirley's obligation was in the nature of support, the § 523(a)(5) claim should be dismissed.[14]

Section 523(a)(15): Nondischargeable Property Settlement

Former § 523(a)(15) excepted non-support matrimonial obligations from discharge unless (1) the debtor lacked the ability to pay the debt from income not reasonably necessary for her or her dependents' support or (2) the benefit to the debtor of discharging the debt would outweigh the detrimental consequences to the creditor caused by the discharge.[15] The Complaint alleges that the parties were formerly married, are divorced, are parties to a court-approved property settlement agreement, and that the agreement creates a debt. By citing subsection (15) of § 523(a), Debtor implicitly asserts that the debt is non-support the discharge of which will prejudice him more than paying the debt would prejudice Shirley. As for the debtor's ability to pay, the execution of the property settlement agreement suggests Shirley had the ability to pay. Presumably, the parties would not have agreed upon an amount that Shirley could not afford to pay.[16]

---

[13] *Sampson v. Sampson (In re Sampson)*, 997 F. 2d 717, 725-726 (10th Cir. 1993).

[14] This Court doubts that this obligation is in the nature of support because it is directly tied to the parties' chapter 13 plan which, by definition, constituted an arrangement of their debts. Indeed, the language of the property settlement agreement suggests that it was the parties' intent that the obligation was not support, *e.g.*, "[a]s consideration for the division of property [], each party waive[d] all claims for maintenance."

[15] 11 U.S.C. § 532(a)(15) (2005).

[16] *See In re Wong*, 291 B.R. 266 (Bankr. S.D. NY 2003) (Plaintiff adequately pleaded facts alleging intent to embezzle to support a claim for relief under § 523(a)(6) despite not

of the divorce."[13] The Complaint contains no factual allegations regarding the parties' relative financial circumstances at the time of the divorce. Nowhere in the complaint is the word "support" or "maintenance." Because the Complaint fails to plead that Shirley's obligation was in the nature of support, the § 523(a)(5) claim should be dismissed.[14]

Section 523(a)(15): Nondischargeable Property Settlement

Former § 523(a)(15) excepted non-support matrimonial obligations from discharge unless (1) the debtor lacked the ability to pay the debt from income not reasonably necessary for her or her dependents' support or (2) the benefit to the debtor of discharging the debt would outweigh the detrimental consequences to the creditor caused by the discharge.[15] The Complaint alleges that the parties were formerly married, are divorced, are parties to a court-approved property settlement agreement, and that the agreement creates a debt. By citing subsection (15) of § 523(a), Debtor implicitly asserts that the debt is non-support the discharge of which will prejudice him more than paying the debt would prejudice Shirley. As for the debtor's ability to pay, the execution of the property settlement agreement suggests Shirley had the ability to pay. Presumably, the parties would not have agreed upon an amount that Shirley could not afford to pay.[16]

---

[13] *Sampson v. Sampson (In re Sampson)*, 997 F. 2d 717, 725-726 (10th Cir. 1993).

[14] This Court doubts that this obligation is in the nature of support because it is directly tied to the parties' chapter 13 plan which, by definition, constituted an arrangement of their debts. Indeed, the language of the property settlement agreement suggests that it was the parties' intent that the obligation was not support, *e.g.*, "[a]s consideration for the division of property [], each party waive[d] all claims for maintenance."

[15] 11 U.S.C. § 532(a)(15) (2005).

[16] *See In re Wong*, 291 B.R. 266 (Bankr. S.D. NY 2003) (Plaintiff adequately pleaded facts alleging intent to embezzle to support a claim for relief under § 523(a)(6) despite not

In this Court's view, David has pleaded the bare minimum of facts to support a § 523(a)(15) claim. While it would certainly be desirable for David to have pled more details in support of this claim, *e.g.*, the parties' current respective financial conditions, the Court concludes these pleadings are sufficient to nudge his § 523(a)(15) claim across the line to plausibility, if only by a hair's-breadth.

Conclusion

For the reasons stated above, Shirley's motion to dismiss is granted with respect to the § 523(a)(5) claim, and denied with respect to the § 523(a)(15) claim. The parties shall submit a pretrial order in this adversary proceeding not later than February 10, 2009, and the matter will be set for trial accordingly.

# # #

---

alleging any ill-intent on the part of Debtor because under the circumstances in which the debtor diverted the funds, there was no other purpose for her conduct except to harm the interests of the creditor.).